IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

EMPLOYERS MUTUAL
CASUALTY COMPANY                                                                                    PLAINTIFF

V.                                                                               CASE NO. 1:16CV00004-SA-DAS

BRYTNI WEST, et al.                                                                               DEFENDANTS

ORDER ON MOTION TO STAY CASE

This matter comes before the Court on Littrell Construction Company, LLC, and Jason Littrell's Motion to Stay Case [72].

*Factual and Procedural Background*

Several complaints were filed against Defendants Littrell Construction Company, LLC and Jason Littrell in multiple civil actions in the Circuit Court of Oktibbeha County, Mississippi regarding faulty construction of multifamily dwellings. In this federal action, Plaintiff Employers Mutual Casualty Company seeks both a declaration of its rights and liabilities under insurance policies issued to Defendants, as well as injunctive relief against Defendants. Defendants assert that they are immune from any liability for damages which allegedly occurred, and therefore ask the court to stay any federal claims pending a decision from the Oktibbeha County Circuit Court.

*Analysis and Discussion*

Staying district court proceedings pending the resolution of related state-court litigation is effectively a decision to defer to the state court proceedings, and it is inappropriate in the absence of a finding that abstention is warranted. *Saucier v. Aviva Life & Annuity Co.*, 701 F.3d 458, 465 (5th Cir. 2012). When a party seeks both coercive and declaratory relief, as Plaintiff does, the appropriateness of abstention must be assessed according to the "exceptional circumstances" doctrine set forth in *Colorado River Water Conservation Dist. v. United States*,

424 U.S. 800, 801, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). *See also Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir. 2000) (considering injunctive relief "coercive relief" for abstention purposes under *Colorado River*). The *Colorado River* standard "represents an 'extraordinary and narrow exception' to the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" *Black Sea*, 204 F.3d at 650 (quoting *Colorado River*, 424 U.S. at 813, 96 S. Ct. 1236). *Colorado River* discretion to stay is available only where the state and federal proceedings are parallel—i.e., where the two suits involve the same parties and the same issues. *Am. Guarantee & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir. 2005).

In the case at bar, there are eleven (11) underlying cases in which Plaintiff is currently providing Defendants with a defense based on its insurance policy, but Plaintiff is not a party to any of those underlying cases. Though the issues are related, they are not parallel and the court lacks the obligation to entertain Defendants' Motion to Stay. Even if the cases were truly parallel, "only the clearest of justifications will warrant" the federal court's staying its hand. *Colorado River*, 424 U.S. at 819, 96 S. Ct. 1236. Defendants have not proposed justifications under any of the six factors commonly considered in determining whether exceptional circumstances exist that would permit a district court to decline exercising jurisdiction.[1] Therefore, while the Court notes Defendants' practical and equitable arguments regarding this issue, a stay of the proceedings is not necessary in this circumstance. Defendants' Motion to Stay Case is DENIED.

---

[1] The Supreme Court has not prescribed a "hard and fast rule" governing the appropriateness of *Colorado River* abstention, but it has set forth six relevant factors (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Colorado River*, 424 U.S. 800, 96 S. Ct.1236.

SO ORDERED this 9th day of January, 2017.

        /s/ Sharion Aycock
        UNITED STATES DISTRICT JUDGE