IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**EMPLOYERS MUTUAL CASUALTY COMPANY**                  **PLAINTIFF**

**VS.**                            **CIVIL ACTION NO: 1:16CV4-SA-DAS**

**BRYTNI WEST, ET AL.**                                     **DEFENDANTS**

## ORDER

This matter is before the court on the plaintiff's motion [110], which seeks an order compelling discovery responses from one of the defendants, Littrell Construction Company, LLC ("Littrell"). Having considered the motion, the court finds that it is well taken and should be granted.

## Background

According to the motion, the plaintiff originally served Littrell with written discovery requests on November 2, 2016. The discover requests included interrogatories and requests for production of documents. Within thirty (30) days of propounding this discovery, however, the plaintiff agreed to postpone the deadline for Littrell's responses until after the mediation scheduled for December 8th, 2016.

On December 14th, 2016, following an unsuccessful mediation, plaintiff's counsel wrote to Littrell's counsel and requested that Littrell provide its responses to the previously propounded discovery requests. After waiting three weeks for discovery responses to no avail, plaintiff's counsel sent another letter to Littrell's counsel on January 5th, 2017, requesting that responses be provided no later than January 9th, 2017. In this letter, plaintiff's counsel advised that a motion to compel would be filed if the deadline was not met. In response, Littrell's

counsel responded by email on the same day the letter was sent, indicating that Littrell's responses could be provided within fifteen (15) days. Plaintiff's counsel agreed to this arrangement but warned that no further extensions could be provided. This agreement effectively placed the deadline for Littrell's discovery responses on January 21st, 2017.

Yet again, however, Littrell failed to provide its responses to the discovery requests by the January 21st deadline. Plaintiff's counsel waited an additional four (4) days, and when no responses were forthcoming, he emailed a Good Faith Certificate to Littrell's counsel on January 25th, 2017, which stated that a motion to compel would be filed if the plaintiff did not receive Littrell's responses by January 27th, 2017. Evidently, the Good Faith Certificate was never returned to plaintiff's counsel.

One hundred forty-seven days have passed since Littrell was first served with plaintiff's written discovery requests. To date, Littrell has not served its responses, sought additional time from the court, or sought a protective order.

## **Analysis**

Under the Federal Rules of Civil Procedure, a party has thirty (30) days to respond once interrogatories and requests for production have been propounded. Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). If a party fails to respond to discovery requests, the propounding party may file a motion to compel, provided that the movant certifies that he has, in good faith, conferred or attempted to confer with the party failing to respond. Fed. R. Civ. P. 37 (a)(1).[1] And "as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re United States*, 864 F.3d 1153, 1156 (5th

---

[1] Pursuant to Local Uniform Civil Rule 37(a), the required certification can be satisfied by filing a Good Faith Certificate with the discovery motion, or the party can attach an affidavit detailing the lack of cooperation. Because Littrell's counsel never returned the Good Faith Certificate, the affidavit submitted by plaintiff's counsel satisfies this requirement.

Cir. 1989). "If the motion to [to compel] is granted…the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

Here, the plaintiff propounded its written discovery requests on November 2nd, 2016 and is still waiting on Littrell's responses. To be fair, the parties did agree to postpone the response deadline until after mediation was held on December 8th, 2016, but even after taking this into account, Littrell's responses are overdue by well over two (2) months. Moreover, the plaintiff's motion to compel was filed on January 30th, 2017, but to date, Littrell has not filed a response or provided any justification for its noncompliance with the Federal Rules of Civil Procedure. Accordingly, the court finds that the plaintiff's motion is well taken and should be granted.

**IT IS, THEREFORE, ORDERED THAT:**

1. Littrell shall furnish its responses to the plaintiff's interrogatories and requests for production no later than April 12th, 2017, and any objections thereto are deemed waived.

2. The plaintiff is instructed to provide the court with a detailed accounting of the costs it incurred, including attorney's fees, in filing this compliance motion.

**SO ORDERED** this, the 5th day of April, 2017.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE